# AURORA UBEDA Y SALAZAR

## *v.*

# SAN JUAN LIGHT & TRANSIT COMPANY.

---

San Juan, Law, No. 580.

1. In personal-injury cases in Porto Rico, when the person injured is the one suing, and the physical injury is of a permanent nature, actual pecuniary loss need not be alleged or proved to entitle plaintiff to recover for the physical injury.

2. Where it is shown by the evidence that a plaintiff had two physicians attending her for a permanent physical injury, in a suit for negligence in causing the accident that resulted in such injury, recovery can be had even though plaintiff has not shown that she has paid the physicians for their services; and the jury may take into consideration the

Ubeda y Salazar v. San Juan Light & T. Co.

physicial deformity and the effect it may have on her chances to get married or become settled in life, and the manner in which it may impair her earning capacity in the future as an element in measuring the damages.

3. "The last clear chance" rule, to avoid an injury, and failing to do so, as creating liability, adhered to.

4. Where the evidence is conflicting as to which of the parties was guilty of the negligence that was the actual proximate cause of the injury, a verdict for the plaintiff will not be disturbed.

Opinion filed June 18, 1909.

*Messrs. Hartzel & Rodriguez Serra* and *Francisco Ramirez de Arellano,* attorneys for plaintiff.

*Mr. H. F. Hord,* attorney for the defendant.

NOTE.—This case grew out of the accident referred to in the case of Morales v. San Juan Light & Transit Co. No. 569, law, tried December 9, 1908, ante, 361, which see for a statement of the facts.

Plaintiff is a sister-in-law of Mr. Morales, and was riding in the carriage with him and the rest of his family at the time of the accident. On the trial of the main case as to this plaintiff, the court instructed the jury practically the same as it did in the principal case above referred to, save that it was made to

Note.—For exhaustive note on the subject of the doctrine of last clear chance, see note to Bogan v. Carolina C. R. Co. 55 L.R.A. 418, also note to Neary v. Northern P. R. Co. 19 L.R.A.(N.S.) 446.

As to doctrine of last clear chance as affected by question whether negligence of plaintiff or deceased and of defendant was concurrent, see note to Dyerson v. Union P. R. Co. 7 L.R.A.(N.S.) 132.

Ubeda y Salazar v. San Juan Light & T. Co.

fit the law because of the plaintiff being different, and being a mere guest in the carriage. A motion for judgment notwithstanding a verdict for the plaintiff in the sum of $2,500 was overruled.

RODEY, Judge, delivered the following opinion on the motion for judgment *non obstante veredicto.*

This cause comes before us on a motion for judgment on the proofs, notwithstanding the verdict for the plaintiff.

First, because, as the mover alleges, under the proofs the plaintiff as well as her brother-in-law, Luis Sanchez Morales, was guilty of contributory negligence in not looking and listening before going upon the track of the defendant company prior to the accident; and

Second, because, as alleged, it was shown by the evidence that plaintiff has suffered no pecuniary loss by reason of the accident.

This cause is the second of what have become known in this court as the Sanchez Morales accident cases. The first, which was tried at the last term of this court, was entitled, Morales v. San Juan Light & Transit Co. ante, 361, and was for the death of his minor child, and went to judgment in favor of plaintiff. The third and last case resulting from the accident has not yet been tried.

The first ground which defendant sets out above as a reason why the judgment should be entered in its favor, notwithstanding the verdict, is virtually a request for us to establish here in Porto Rico the rule that contributory negligence of any kind defeats a plaintiff's right of recovery. We notice that the su-

preme court of the Philippine Islands in Rakes v. Atlantic, G. & P. Co. 7 Philippine, 359, has established in those islands, under a system of jurisprudence that is practically like what we have here, the rule that "the negligence of the injured person contributing to his injury, but not being one of the determining causes of the principal accident, does not operate as a bar to recovery, but only in reduction of his damages. Each party is chargeable with damages in proportion to his fault."

The citations given in that case appear to show that such is the rule even under the Spanish Code of Civil Procedure; and our examination, made when deciding the recent case of Buzo v. San Juan Light & Transit Co., shows us that such is probably the fact.

However, in all the instructions we have given to juries in this class of cases since our incumbency of this bench, we have adhered to what perhaps can be better defined as "the last clear chance" rule; and, as we understand it, this in substance is the same rule as is thus adopted in the Philippine Islands.

We feel that we are sustained by the Supreme Court of the United States in this position. In the recent case of Chunn v. City & Suburban R. Co. 207 U. S. 302, 52 L. ed. 219, 28 Sup. Ct. Rep. 63, it was held that "even if the plaintiff carelessly places himself in a position of danger, if the defendant discovers the danger in time to avoid the injury by using reasonable care, the failure so to do, and not the plaintiff's carelessness, may be the sole cause of the resulting injury."

We have reread our instructions in this case in detail, and are satisfied that we presented the case impartially to the jury. They having found for the plaintiff, as was their privilege, on the evidence, which was decidedly conflicting, we see no reason

to disturb the verdict on that ground, or to usurp the functions of the jury by passing upon the conflict of testimony ourselves, which we would do, did we enter a judgment opposite to the verdict, as requested.

The second ground set out in the motion as a reason why the judgment should be entered for the opposite party is that the proofs show that plaintiff has suffered no pecuniary loss by reason of the accident.

Neither in the Buzo Case nor Rudon v. San Juan Light & Transit Co. ante, 520, in which latter we also file an opinion under this same date, and in both of which we hold to the doctrine that, under the law of Porto Rico, only those suffering pecuniary loss can recover in civil suits for damages for injuries causing death, did we go to the extent of holding that, when the party actually injured brings the suit in his or her own behalf, they must of necessity show actual pecuniary loss. The crippling of the plaintiff, or his or her suffering, might, in such a case, be a proper element of damage. We do not admit, but, on the contrary, assert, that the proofs in the case did show that the plaintiff here suffered actual pecuniary damage, whether she has yet paid such losses or not. Two physicians attended her, and it took more than a month for the actual fracture of her wrist to heal. Further, the evidence clearly showed that the accident resulted in a deformity to her arm which she will carry through life. We do not subscribe to the doctrine that the disfiguring or crippling of a plaintiff by the negligence of another cannot be considered in estimating damages in such a case.

Hence, the motion for judgment, as requested, will be denied, and judgment with costs will be entered in accordance with the verdict for the plaintiff, and it is so ordered.